**David Paul LARSON, Appellant**

v.

**CENTRAL INTELLIGENCE AGENCY.**

No. 87–5319.

United States Court of Appeals,
District of Columbia Circuit.

April 12, 1988.

David Paul Larson, pro se.

Joseph E. diGenova, U.S. Atty., with whom Royce C. Lamberth, R. Craig Lawrence, and Michael J. Ryan, Asst. U.S. Attys., Washington, D.C., were on the brief for appellee.

Before WALD, Chief Judge, and D.H. GINSBURG and SENTELLE, Circuit Judges.

PER CURIAM:

Appellant David P. Larson requested information from the CIA pursuant to the Freedom of Information Act ("FOIA" or "the Act") concerning the Soviet KGB agent who defected to the United States and then redefected to the Soviet Union. In response, the CIA mailed to Larson a "CIA-prepared biography of Vitaliy Yurchenko" free of charge. The CIA also requested a payment commitment from Larson for any additional research and duplication.[1]

Thereafter, appellant requested a fee waiver and expeditious treatment of his

---

1. The CIA forwarded to Larson a fee schedule and an estimated cost of his search request ($100).

request. The CIA denied Larson's waiver and expedition requests upon finding that "the requested information would not result primarily in substantive benefit to the public and that absent extraordinary humanitarian reasons or other exceptional justification, FOIA requests were processed only in the order received."[2] Larson filed a complaint in the district court contending that the CIA denied him access to documents requested pursuant to FOIA and stating his intent to distribute the documents to a major newspaper company. The identity of the newspaper company was not stated in the complaint.

Upon receiving a copy of Larson's complaint, the CIA treated it as both an administrative appeal of the fee waiver denial,[3] and a civil complaint to which it filed an answer in the district court. Thereafter, the Executive Secretary of the CIA's Information Review Committee upheld the fee waiver denial. In the district court, the CIA moved for summary judgment and Larson filed an opposition. Appended to this opposition was a letter from a Washington Post editor expressing an interest in obtaining from Larson information about Yurchenko. This letter had been submitted as proof of Larson's intent to release the information to a major newspaper company, as he had alleged in his complaint, and of his ability to disseminate the information to the public via the newspaper. Notwithstanding, the district court granted the CIA's motion for summary judgment. *See generally Larson v. CIA*, 664 F.Supp. 15 (for more detailed background information).

In moving for summary affirmance, the CIA argues that Larson was not entitled to a fee waiver for materials requested pursuant to the Freedom of Information Act because he had not proven that the public would benefit primarily from this waiver. In opposition, Larson argues that the public interest requirement was satisfied since the subject of the requested material was of public interest and he had submitted proof of his intent to release the information to a newspaper company.

We conclude that the district court ruling in this case was proper. However, because the district court reviewed this case under the old fee waiver test in evaluating Larson's request, we provide an analysis of this case under the current standard of review and fee waiver test.

### DISCUSSION

The Freedom of Information Act generally requires requesters to pay search and duplication costs. *See Kissinger v. Reporters Committee*, 445 U.S. 136, 153, 100 S.Ct. 960, 970, 63 L.Ed.2d 267 (1980); *National Treasury Employees Union v. Griffin*, 811 F.2d 644, 646 (D.C.Cir.1987). Before 1986, the Act permitted the furnishing of documents without charge or at a reduced cost "where the agency determines that waiver or reduction of the fee is in the public interest because furnishing the information can be considered as primarily benefitting the general public." *Griffin*, 811 F.2d at 646–47 (quoting 5 U.S.C. § 552(a)(4)(A) (1982)) (footnote omitted). In addition, fee waiver denials were reviewed under the arbitrary and capricious standard. *Id.* at 647; *Ely v. United States Postal Service*, 753 F.2d 163, 165 (D.C.Cir.), *cert. denied*, 471 U.S. 1106, 105 S.Ct. 2338, 85 L.Ed.2d 854 (1985).

In 1986, Congress amended the statute governing fee waivers for FOIA requests. *See* Freedom of Information Reform Act of 1986, Pub.L. No. 99–570, § 1804(b)(1), 100 Stat. 3207–50. This amendment went into effect on April 25, 1987. The amendment applied to any request for records prior to the effective date of enactment, as well as to subsequent requests and any civil litigation pending on the effective date. *Id.*[4] The amendment, establishing a new test for deciding fee waiver requests, provided:

> Documents shall be furnished without charge or at a charge reduced ... if disclosure of the information is in the

---

**2.** Larson does not challenge the CIA's denial of his request for expeditious treatment.

**3.** Larson had failed to exhaust his administrative remedies.

**4.** The amendment "shall apply with respect to any requests for records, whether or not the request was made prior to such date, and shall apply to any civil action pending on such date."

public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester. 5 U.S.C. § 552(a)(4)(A) (1982 and Supp. IV 1986). The amendment also changed the standard of review to de novo, but limited the court's review to the record before the agency. *Id.* at § 552(a)(4)(A)(vii). Thus, information such as the Washington Post letter could not be considered by the district court. Despite the alterations to the statute, the burden for satisfying the public interest standard remains on the requester. *McClellan Ecological Seepage Situation v. Carlucci,* 835 F.2d 1282, 1284–85 (9th Cir.1987); *Griffin,* 811 F.2d at 647.

■ To guide agencies in their determinations as to whether the requester has met the burden, the new fee waiver test provides a two-pronged analysis. One prong demands that the requester not have a commercial interest in the disclosure of the information sought. *McClellan,* 835 F.2d at 1285. The other prong of the test requires that the disclosure of the information be "likely to contribute significantly to public understanding of the operations or activities of the government." 5 U.S.C. § 552(a)(4)(A)(iii). Concededly, nothing in the record indicates that Larson had a commercial interest in obtaining information about Yurchenko and his defections. Therefore, Larson satisfies the first prong of the new test. *Id.* at 1284. Thus, the second prong becomes the dispositive factor in this case.

■ Undeniably, the subject matter of Larson's FOIA request is of public interest and thereby establishes a condition of the second prong. However, establishing a public interest in the subject matter is not sufficient. *See Griffin,* 811 F.2d at 647. Larson's allegations, as presented in the

administrative record, failed to identify the newspaper company to which he intended to release the requested information, his purpose for seeking the requested material, or his professional or personal contacts with any major newspaper companies. The absence of this information demonstrates an inability to disseminate the information to the public. This alone is a sufficient basis for denying the fee waiver request. "[T]he agency may infer a lack of substantial public interest "[w]hen a public interest is asserted but not identified with reasonable specificity, and circumstances do not clarify the point of the requests.'" *McClellan,* 835 F.2d at 1285 (quoting *Griffin,* 811 F.2d at 647). Thus, the CIA properly concluded that Larson was not entitled to the fee waiver.[5]

Therefore, in concluding that there is no error requiring reversal, we affirm the judgment of the district court.

---

Freedom of Information Reform Act of 1986, Pub.L. No. 99–570, § 1804(b)(2).

**5.** The legislative history of the FOIA fee waiver provision indicates "a special solicitude for journalists." *Griffin,* 811 F.2d at 649. This special treatment stems from the notion that furnishing journalists with information will benefit primarily the public. *Id.* This treatment, however, does not extend to citizens who intend to

release requested information to journalists because "such a rule would enable requesters to avoid fees simply by asserting an intention to give the released documents to a newspaper." *Larson,* 664 F.Supp. at 19 n. 4. Therefore, Larson cannot rely on his tenuous link to the Washington Post in order to satisfy the "primary benefit" factor.