**A. Bruce ROZET, Plaintiff,**

v.

**DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, Defendant.**

Civil Action No. 98–1426(JR).

United States District Court, District of Columbia.

July 13, 1999.

Jon W. van Horne, Ronald W. Kleinman, Greenberg Traurig Hoffman, Lipoff Rosen & Quentel, Washington, DC, for plaintiff.

Michael C. Johnson, Assistant U.S. Attorney, Washington, DC, for defendant.

### *MEMORANDUM*

ROBERTSON, District Judge.

Plaintiff submitted three document requests to HUD, pursuant to the Freedom of Information Act, 5 U.S.C. § 552(a). When HUD did not respond, he filed this action. Now before the Court are plaintiff's motion to require HUD to process the FOIA requests as for "non-commercial use" requests and HUD's motion for a partial summary judgment approving its finding that plaintiff's requests are for

"commercial use," as defined by 24 C.F.R. § 15.15(a)(2).[1] The resolution of the "commercial use" issue will determine whether plaintiff will be required to pay for HUD's search for, and its review and duplication of, documents responsive to his requests. HUD's motion for partial summary judgment must be denied because plaintiff has not challenged HUD's finding with an amended complaint, nor has HUD counterclaimed for a declaratory judgment. Plaintiff's motion to require "non-commercial" use processing will be denied, because HUD properly classified plaintiff's requests as for "commercial use."

## FACTS

Plaintiff A. Bruce Rozet is one of the largest owners of HUD-assisted housing in the United States. On May 9, 1997, HUD sued Rozet and his corporations in the United States District Court for the Northern District of California, alleging civil fraud. On October 10, 1997, Rozet submitted two FOIA requests to HUD—one for information about one of his corporations and one for information about himself. On March 16, 1998, Rozet's counsel, Jon W. Van Horne, submitted a third FOIA request, this one for press releases about plaintiff and his corporations. On June 5, 1998, Rozet filed this lawsuit. On June 25, 1998, the district court in California granted Rozet's motion for an order prohibiting all parties to the fraud suit from speaking to the press about Rozet's "character and credibility," about the evidence in the case, and about the merits of claims or defenses in the case. This action was then stayed for several months, while the parties were negotiating a possible settlement.

1. Plaintiff has also recently moved to hold HUD in contempt for failing to comply with the Court's March 15, 1999 order, requiring HUD to begin processing plaintiff's document requests. It was not unreasonable for HUD to want to learn the result of the fee status dispute, and the motion will be denied.

2. Before 1986, the standard of review for *all* FOIA fee issues was the Administrative Proce-

On December 9, 1998, plaintiff moved to lift the stay in this case and for an order requiring HUD to process the documents as "non-commercial use" requests. On January 12, 1999, HUD moved for partial summary judgment, asserting that plaintiff's requests are for a "commercial use," as defined by 24 C.F.R. § 15.15(a)(2). At the conclusion of a motions hearing on March 15, 1999, I granted Rozet's motion to lift the stay and took the summary judgment motion under advisement, inviting supplemental briefing on the issue of the appropriate standard of review for a fee status determination.

## ANALYSIS

■ An important question presented by this motion—what is the appropriate standard of review for an agency determination of fee status under FOIA—has not been decided in this Circuit. Denials of requests for fee *waivers* must be reviewed *de novo*, *see* 5 U.S.C. § 552(a)(4)(A)(vii) ("[i]n any action by a requester regarding the waiver of fees under this section, the court shall determine the matter de novo provided that the court's review of the matter shall be limited to the record before the agency").[2] HUD asserts that challenges to fee *status* determinations must be reviewed using the Administrative Procedure Act's familiar "arbitrary, capricious, not in accordance with law" standard, 5 U.S.C. §§ 701–706. But, like the Court of Appeals in *National Security Archive v. U.S. Department of Defense,* 880 F.2d 1381, 1383 (D.C.Cir.1989), I "need not resolve this dispute ... [because] [e]ven viewing the matter *de novo*," I find that

dure Act's "arbitrary, capricious, not in accordance with law" standard, 5 U.S.C. §§ 701–706. *See Larson v. Central Intelligence Agency,* 843 F.2d 1481, 1482 (D.C.Cir. 1988). In 1986, Congress amended the statute, changing the standard of review of fee *waivers* to *de novo* review. See Freedom of Information Act of 1986, Pub.L. No. 99–570, 1804(b)(1), 100 Stat. 3207–50.

plaintiff's use is properly classified as for "commercial use."

The APA requires each agency to "promulgate regulations, pursuant to notice and receipt of public comment, specifying the schedule of fees applicable to the processing of [information] requests." 5 U.S.C. § 552(a)(4)(A)(i). "[A]gency regulations shall provide that fees shall be limited to reasonable standard charges for document *search, duplication, and review,* when records are requested for commercial use." 5 U.S.C. § 552(a)(4)(A)(ii)(I) (emphasis added). When records "are not sought for commercial use and the request is made by an educational or noncommercial scientific institution ... or a representative of the news media," the requester must pay only for document *duplication.* 5 U.S.C. § 552(a)(4)(A)(ii)(II). A requester not described by the above two categories must pay for document *search and duplication.* 5 U.S.C. § 552(a)(4)(A)(ii)(III).

HUD has defined "commercial use" in 24 C.F.R. § 15.15(2):

"Commercial use refers to a request from or on behalf of one who seeks information for a use or purpose that furthers the commercial, trade, or profit interests of the requester or the person on whose behalf the request is made. In determining whether a requester properly belongs in the category, HUD must determine the use to which a requester will put the documents requested. Moreover, where HUD has reasonable cause to doubt the use to which a requester will put the records sought, or where that use is not clear from the request itself, HUD will seek additional clarification before assigning the request to a specific category."

The public interest is the statutory touchstone for no-fee or reduced fee production under FOIA. "Documents shall be furnished without any charge or at a [reduced] charge if disclosure of the information is in the public interest because it is likely to contribute significantly to public interest in the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii).

Mr. Rozet filed his initial FOIA requests five months after HUD had brought its lawsuit against him and his corporations. The nexus with the lawsuit established by the timing of the FOIA requests and their content demonstrates conclusively that the FOIA requests advance Mr. Rozet's commercial interest, rather than the public interest. Plaintiff's assertion that he will not put the information to a commercial use cannot be credited. *See S.A. Ludsin & Co. v. Small Business Admin.,* 1998 WL 355394 (E.D.N.Y. April 2, 1998) (party seeking a contract from SBA would not be heard to deny its commercial interest in FOIA request for contract information).

The cases cited by plaintiff are all distinguishable. In *Larson v. CIA,* 843 F.2d 1481 (D.C.Cir.1988), the court held that information sought about a KGB agent was in the public interest, but there was no evidence that the information there was of any commercial benefit to plaintiff. Nor is this case like *Muffoletto v. Sessions,* 760 F.Supp. 268 (E.D.N.Y.1991), or *McClain v. U.S. Department of Justice,* 1992 WL 358898 (N.D.Ill. Nov.27, 1992), where defendants sought documents to defend themselves solely in an individual capacity—for failure to pay a debt and to gain credibility with a sentencing court, respectively. Rozet's interest is not merely private because he *and his corporations* are being sued. Unlike in *Seegull Manufacturing v. NLRB,* 741 F.2d 882 (6th Cir. 1984), plaintiff has not demonstrated that the material he requested is otherwise undiscoverable.

An appropriate order accompanies this memorandum.

### ORDER

Upon a review of the record, it is this 13th day of July 1999

**ORDERED** that defendant's motion for a partial summary judgment [# 21] is **denied.** It is

**FURTHER ORDERED** that plaintiff's motion to require "non-commercial use" processing [# 18] is **denied.** And it is

**FURTHER ORDERED** that plaintiff's motion to hold defendant in contempt for failing to comply with the Court's March 15 order [# 34] is **denied.**