**JUDICIAL WATCH, INC., Plaintiff,**

v.

**U.S. DEPARTMENT OF JUSTICE, Defendant.**

**No. CIV. A. 00–1396(JR).**

United States District Court, District of Columbia.

Nov. 16, 2000.

Larry Klayman, Judicial Watch, Inc., Washington, DC, for Plaintiff.

Anne L. Weismann, Benjamin P. Cooper, U.S. Department of Justice, Washington, DC, for Defendant.

### *MEMORANDUM*

ROBERTSON, District Judge.

Judicial Watch, Inc., self-anointed "representative of the news media" and paladin for the public interest, seeks judicial review of the Justice Department's denial of its application for a waiver of the fee provisions of the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(A). Judicial Watch demands that the Department of Justice conduct a free search for materials related in any way to the "Decision(s) by Attorney General Janet Reno, the Department of Justice, the Immigration and Naturalization Service, and/or other persons and en-

tities to return Elian Gonzales to the custody of his biological father in Cuba"—and that it provide free copies of what it finds.

Judicial Watch describes itself as a "non-profit, nonpartisan, tax-exempt 501(c)(3) organization which as a public interest law firm specializes in deterring, monitoring, uncovering, and addressing public corruption in government." Judicial Watch has filed some thirty-three lawsuits in this Court, at least twelve of them against the Department of Justice. In this case, the co-director of DOJ's Office of Information Processing determined that Judicial Watch was not a representative of the news media and further that Judicial Watch was not entitled to a " 'blanket' fee waiver" because the information requested by Judicial Watch was not likely to contribute significantly to the public's understanding of DOJ's operations or activities.

■ Denials of requests for fee waivers are to receive de novo review "limited to the record before the agency." 5 U.S.C. § 552(a)(4)(vii). DOJ advances the novel argument that the Administrative Procedure Act's "arbitrary, capricious, not in accordance with law" standard (rather than de novo review) should apply to review of its decision as to which *category* fits a FOIA requester. The argument is unsupported, and rejected.

FOIA amendments enacted in 1986 provide, in essence, that a "representative of the news media" is entitled to a waiver of FOIA search fees. The term "representative of the news media" is broadly inclusive and covers a person or entity that "gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience." *National Security Archive v. U.S. Department of Defense,* 880 F.2d 1381, 1387 (D.C.Cir.1989).

The government acknowledges that Judicial Watch has publicly disseminated documents that it obtained through FOIA in the past, and that it has published reports based on such requests, but in this case, it argues, Judicial Watch has not demonstrated the requisite intent to turn the raw materials of the particular documents it has requested into a distinct work, or, for that matter, to use them for anything recognizable as the work of the news media. Judicial Watch's response is that its web site and radio show manifest its ongoing efforts to disseminate news.[1]

The website does not resemble a "news medium" in any traditional sense. It is the product of an organization that seeks to *make* news and to generate publicity for itself. The website does post a number of "press releases," but they are self-serving accounts of Judicial Watch's activities and transparent solicitations for either financial support or for clients. *See, e.g.,* Judicial Watch, *As Millenium Approaches, Judicial Watch's 43 Lawsuits Will Require Great Use of Resources in Next Year* (visited Oct. 26, 2000) <http://www. judicialwatch.org/press—release.asp? pr—id= 240>. Most of the documents obtained from Judicial Watch's prior FOIA requests are referenced by hyperlink, but contain no further editorial element.

■ The 1989 decision of the Court of Appeals in *National Security Archive, supra,* took respectful note of Senator Leahy's 1986 comment (when the FOIA amendments were enacted) that *"any person or organization which regularly publishes or disseminates information to the public ... should qualify for waivers as a 'representative of the news media.' "* (emphasis in original and quoting 132 Cong. Rec. S14298 (daily ed. Sept. 30, 1986)). Neither *National Security Archive* nor Senator Leahy apparently anticipated the evolution of the Internet or the morphing

---

**1.** Judicial Watch also asserts that it publishes newsletters. Because it neglected to mention the newsletters in its correspondence with OIP, however, *see* Pl.'s Opp'n to Def.'s Mot. for Summ. J. at 12 n. 2, I may not consider them now. *See* 5 U.S.C. § 552(a)(4)(A)(vii); *Carney v. United States Dep't of Justice,* 19 F.3d 807, 814 (2d Cir.1994).

of the "news media" into its present indistinct form. Traditional lines separating actor and reporter, objectivity and spin, even truth and fiction, have become blurred. At a time when the news media are frequently their own lead story, a publicity seeker may be a representative of the news media, and vice versa. Indeed, if the regular publication or dissemination of information to the public is enough to qualify for a "representative of the news media" waiver, then arguably anyone with a website is entitled to demand free search services under the Freedom of Information Act. If such a result is intolerable (and for the Justice Department, which may have several employees doing searches for Judicial Watch, it may well be), the remedy lies with Congress. Summary judgment on this issue will be denied to the government, and, since the facts are undisputed and the record is complete, granted to the plaintiff. *See McBride v. Merrell Dow & Pharmaceuticals, Inc.,* 800 F.2d 1208, 1212 (D.C.Cir.1986) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 326, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

██ Judicial Watch is thus entitled to a waiver of search fees under 5 U.S.C. § 552(a)(4)(A)(ii)(II), but in order to qualify for the "blanket" waiver under 5 U.S.C. § 552(a)(4)(A)(iii)—to avoid duplication costs—it must also show that "the disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding or operations or activities of the government and is not primarily in the commercial interest of the requester." Such a showing must satisfy four factors: (1) the subject of the requested records must concern the "operations or activities" of the government; (2) the disclosure must be "likely to contribute" to an understanding of government operations or activities; (3) the disclosure of information must contribute to the public's understanding; and (4) the disclosure must be likely to contribute "significantly" to public understanding of government operations or activities. *See*

*D.C. Technical Assistance Organization v. U.S. HUD,* 85 F.Supp.2d 46, 48–49 (D.D.C. 2000). Requests for public-interest waivers must be "reasonabl[y] specific[ ]" and are judged on a case-by-case basis. *See Larson v. CIA,* 843 F.2d 1481, 1483 (D.C.Cir.1988).

Judicial Watch requested a public interest waiver in this case so that it might "promote accountable government ... by disseminating relevant information" that would purportedly "benefit the public by identifying areas for future reform as well as deterring future abuses that could otherwise proliferate without scrutiny." These perfunctory assertions were too "ephemeral" to satisfy the "reasonable specificity" standard. *See American Fed'n of Gov't Employees v. United States Dep't of Commerce,* 632 F.Supp. 1272, 1278 (D.D.C.1986), *aff'd on other grounds,* 907 F.2d 203 (D.C.Cir.1990). Defendant's motion for summary judgment on this issue will be granted.