09-3675-cv
Reynolds v. Holder

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of August, two thousand and ten.

PRESENT:
> RALPH K. WINTER,
> JOSÉ A. CABRANES,
> DENNY CHIN,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JAMES J. REYNOLDS,

> *Plaintiff-Appellant,*

> -v.-                                                               No. 09-3675-cv

THE ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,

> *Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**COUNSEL FOR PLAINTIFF-APPELLANT:**   James J. Reynolds, *pro se,* Bronx, NY.

**COUNSEL FOR DEFENDANT-APPELLEE:**   Brandon H. Cowart and Sarah S. Normand, Assistant United States Attorneys (Preet Bharara, United States Attorney for the Southern District of New York), New York, NY

Appeal from a judgment and order of the United States District Court for the Southern District of New York (Sidney H. Stein, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the District Court are **AFFIRMED**.

Plaintiff-Appellant James J. Reynolds ("plaintiff" or "Reynolds"), proceeding *pro se*, appeals the District Court's order granting summary judgment in favor of the government on Reynolds's claims pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the District Court's post-judgment order denying reconsideration of the decision granting summary judgment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review an order granting summary judgment *de novo* and focus on whether the district court properly concluded that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003); *see also Nat'l Council of La Raza v. Dep't of Justice*, 411 F.3d 350, 355 (2d Cir. 2005) (FOIA case).

In FOIA actions, both the District Court and this Court "must review an agency's determination on a fee waiver issue *de novo*, but only with reference to the record before the agency." *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 814 (2d Cir. 1994). FOIA authorizes each agency to charge a "reasonable" amount for certain types of costs, *see* 5 U.S.C. § 552(a)(4)(A), but the agency must furnish documents "without any charge or at [reduced rates] if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester," 5 U.S.C. § 552(a)(4)(A)(iii). To establish a right to a fee waiver under the public interest provision, the requester bears the burden of establishing that the disclosure of information is in the public interest and is not primarily in his commercial interest. *Carney*, 19 F.3d at 814 (citing *Nat'l Treasury Employees Union v. Griffin*, 811 F.2d 644, 648 (D.C. Cir.1987)).

Here, the District Court correctly upheld the denial of Reynolds's fee waiver request by the U.S. Department of Justice ("DOJ"). Reynolds sought a fee waiver in his FOIA request, but his request did not specify any grounds for the agency to grant the waiver. Furthermore, in his administrative appeal requests, Reynolds argued only that he should be granted the waiver because he could not afford the fees, and the record shows that he did not mention his academic status or interest in publishing a scholarly article until he filed his complaint in the District Court. *See Ely v.*

2

*U.S. Postal Serv.*, 753 F.2d 163, 165 (D.C. Cir. 1985) (indigence alone does not satisfy burden for FOIA fee waiver); *Larson v. CIA*, 843 F.2d 1481, 1483 (D.C. Cir. 1988) (requester's failure to provide information indicating an ability to disseminate the requested information was sufficient basis for denying fee waiver). Accordingly, the DOJ properly denied Reynolds's fee waiver request and, thus, the District Court correctly granted summary judgment in favor of the government on this issue.

Although Reynolds properly exhausted his challenge to the denial of his fee waiver request, he has not exhausted his underlying FOIA request in light of our conclusion that the agency properly denied his fee waiver request. *See Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 66 (D.C. Cir. 1990) ("Exhaustion does not occur until the required fees are paid or an appeal is taken from the refusal to waive fees."). The record shows, and Reynolds does not deny, that he has not yet paid the required fees or narrowed his request to the first two-hours of searching and the first 100 pages of records, which the DOJ's regulations would allow him to receive for free. *See* 28 C.F.R. § 16.11(d)(3). Similarly, Reynolds's argument about the adequacy of the search is also unexhausted because there is no basis in the record upon which any court could evaluate the search at this time. *Oglesby*, 920 F.2d at 61 ("Exhaustion of administrative remedies is generally required before filing suit in federal court so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision.").

Because we conclude that the District Court properly granted summary judgment for the reasons explained above, we need not reach the District Court's alternative conclusion that dismissal of the complaint was warranted on the ground that Reynolds's FOIA request was factually frivolous.

Finally, we review a district court decision regarding Rule 59(e) and Rule 60(b) reconsideration motions for "abuse of discretion." *See Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir. 1998) (Rule 60(b)); *Empresa Cubana del Tabaco v. Culbro Corp.,* 541 F.3d 476, 478 (2d Cir. 2008) (Rule 59(e)). A review of the record reveals that the District Court did not abuse its discretion in denying Reynolds's reconsideration motion, as the motion largely reiterated the allegations in the complaint and did not demonstrate that the District Court had overlooked any facts or controlling authority that might alter its decision granting summary judgment.

We have considered plaintiff's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment and order of the District Court.

## CONCLUSION

For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.


FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk