**Herbert THOMAS, Plaintiff,**

v.

**OFFICE OF THE UNITED STATES ATTORNEY FOR THE EASTERN DISTRICT OF NEW YORK, Defendant.**

**No. 93 CV 3128 (FB).**

United States District Court,
E.D. New York.

April 8, 1997.

**54**

Herbert Thomas, Great Meadow Corr. Fac., Comstock, NY, pro se.

Zachary W. Carter, United States Attorney for the Eastern District of New York by E. Michael Dressler, Special Ass't United States Attorney, Brooklyn, NY, for Defendant.

### MEMORANDUM & ORDER

BLOCK, District Judge:

Plaintiff, Herbert Thomas ("Thomas"), initiated this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking disclosure of records and documents contained in the files of the United States Attorney's Office for the Eastern District of New York ("USAO–EDNY"). By decision dated June 12, 1996, this Court granted the USAO–EDNY's motion for summary judgment. *See Thomas v. Office of the United States Attorney*, 928 F.Supp. 245 (E.D.N.Y. 1996). Familiarity with that opinion is assumed. Currently before the Court is Thomas' motion for relief from that judgment brought pursuant to Federal Rules of Civil Procedure 60(b)(1) and 60(b)(6).[1] The following excerpt from the Court's prior decision adequately summarizes the background information relevant to that decision and the motion currently before the Court:

> Thomas, currently incarcerated at the Great Meadow Correctional facility, was arrested on January 9, 1978 by the New York City Police for a murder and robbery at the "Night Cap Club," located at 880 Jamaica Avenue, Brooklyn, New York. He was subsequently indicted for the murder and robbery and was convicted of murder, after a jury trial, on December 7, 1978. [Bruce] Cutler, the subject of Thomas' FOIA request, was the Assistant District Attorney ("ADA") who prosecuted him.

> Following his service as an ADA, Cutler entered into private practice as a criminal defense attorney. One of Cutler's clients was John Gotti, the reputed boss of the Gambino Crime Family. Cutler, however, was disqualified from representing Gotti in the case encaptioned *United States v. Got-*

---

**1.** Federal Rule of Civil Procedure 60(b) provides in pertinent part:

On motion and upon such terms as are just, the court may relieve a party … from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; … or (6) any other reason justifying relief from the operation of the judgment.

*ti,* 771 F.Supp. 552, because the Court found, *inter alia,* that his role as "house counsel" for the Gambino Crime Family created a conflict of interest that could not be waived. Based on Cutler's position as "house counsel" for the Gambino Crime Family, Thomas argues that Cutler has a "personal concern" and derived "personal benefit" from his prosecution of Thomas because the "Night Cap Club" was connected with Gotti, the Gambino Crime Family and Organized Crime. Thomas is apparently of the opinion that Cutler was "involved" with Gotti during the course of his service as an ADA and that this alleged involvement compromised Cutler's prosecution of Thomas. Presumably in preparation for a collateral attack on his conviction, Thomas requested documents from the files of the USAO–EDNY compiled during its investigation and prosecution of Gotti, which he believes would support this view.

*Thomas,* 928 F.Supp. at 246–47.

Thomas contends that the Court should have passed upon his request for "copies of any and all documents with the following names—Night Cab Club, 880 Jamaica Avenue, Brooklyn, New York; Inner Circle Club, Metropolitan Avenue, Queens, New York; Jerry's Bar, Myrtle Avenue, Queens, New York; and Fritz's Bar, Myrtle Avenue, Queens, New York." In a footnote to its decision, the Court determined that it need not pass upon this request because it went "beyond the scope of his FOIA request" to the Executive Office for the United States Attorneys ("EOUSA"). *Id.* at 248 n. 5. Thomas contends that the Court erred in that determination because, although it was not part of his FOIA request, he specifically requested the disputed documents in a letter, dated January 20, 1993, which appealed the denial of his FOIA request.[2] As such, he contends that the January 20, 1993 letter exhausted his administrative remedies as to his request for documents pertaining to the clubs and bars. The Court disagrees.

Initially, the FOIA specifies the administrative remedies which a person seeking to gain information within its scope must exhaust before bringing an action in federal court. The requester must make a request to the appropriate agency. *See* 5 U.S.C. § 552(a)(6)(A)(i). If the initial request is denied, the requester must appeal the adverse decision to the head of the agency from which the requester is seeking information. *See* 5 U.S.C. § 552(a)(6)(A)(ii). Failure to properly exhaust both of these administrative remedies precludes a federal court of subject matter jurisdiction over a requester's claims. *See, e.g., Sloman v. United States Dep't of Justice,* 832 F.Supp. 63, 66–67 (S.D.N.Y.1993) ("Exhaustion of the prescribed administrative remedy is required in FOIA cases."); *see also United States v. Agunbiade,* 1995 WL 351058, at *4 (E.D.N.Y.1995) ("The district court cannot proceed in light of defendant's failure to comply with existing administrative procedures."). Since Thomas did not request the documents regarding the clubs and bars in his underlying FOIA application, it was appropriately not addressed on administrative appeal and the Court was jurisdictionally precluded from adjudicating the issue of his entitlement to those documents. Therefore, the Court denies Thomas' request for relief under Rule 60(b).

**SO ORDERED.**

2. Thomas' initial FOIA request only sought information pertaining to Cutler, Gotti, the Gambino Crime Family, and organized crime.