**JUDICIAL WATCH, INC., Plaintiff,**

v.

**FEDERAL BUREAU of INVESTIGATION, Defendant.**

**No. Civ.A.01–0248 (RMU).**

United States District Court, District of Columbia.

March 21, 2002.

---

Larry Klayman, Judicial Watch, Inc., Washington, DC, for plaintiffs.

Lisa Barsoomian, Assistant U.S. Attorney, Washington, DC, for defendants.

## *MEMORANDUM OPINION*

URBINA, District Judge.

### GRANTING THE DEFENDANT'S MOTION TO DISMISS

### I. INTRODUCTION

Implicating constitutional issues courts rarely addressed only a decade ago, this case involves technology that would allegedly allow the Federal Bureau of Investigation ("FBI" or "the defendant") to "wiretap" the Internet. Judicial Watch, Inc. ("the plaintiff") brings this action against the FBI[1] for an alleged failure to comply with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The alleged violation stems from the defendant's refusal to respond to the plaintiff's FOIA request for documents related to the FBI's automated system called "Carnivore." The plaintiff seeks declaratory and injunctive relief under FOIA. The defendant moves to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) based on the plaintiff's failure to exhaust administrative remedies, and thus for lack of subject-matter

---

1. The defendant correctly notes that the proper defendant under the Freedom of Information Act is the United States Department of Justice ("DOJ") as the "agency," rather than the FBI, which is a component of DOJ and therefore not an "agency" within the statutory definition. *See* 5 U.S.C. §§ 552(a)(4)(B), 552(f)(1).

jurisdiction, and failure to state a claim on which relief can be granted. For the reasons that follow, the court will grant the defendant's motion to dismiss.

## II. BACKGROUND

On July 15, 2000, Judicial Watch sent a FOIA request via fax and certified mail to the defendant requesting certain records related to Carnivore. *See* Compl. at 2 & Ex. 1; Def.'s Mot. to Dismiss ("Mot. to Dismiss") at 1 & Ex. 1. Known as a "packet sniffer," Carnivore analyzes data flowing through computer networks, allowing law enforcement officials to monitor e-mail messages of criminal suspects. *See* Compl. Ex. 1. Civil liberties groups are interested in Carnivore because of the potential Fourth Amendment search and seizure concerns the system allegedly raises. *See id.* Judicial Watch claims that Carnivore allows the FBI to "wiretap" the Internet. *See* Compl. at 2.

The FBI responded in a letter to Judicial Watch dated July 21, 2000, acknowledging receipt of Judicial Watch's request and assigning it a Freedom of Information–Privacy Acts ("FOIPA") number. *See* Mot. to Dismiss at 1, Ex. 1; Pl.'s Opp'n to Def.'s Mot. ("Pl.'s Opp'n") at 3. The July 21, 2000 letter advised Judicial Watch that the defendant had been experiencing processing delays and would process its request as soon as possible. *See* Mot. to Dismiss Ex. 1.

In a letter to Judicial Watch dated August 17, 2000, the defendant stated that approximately 3,000 pages[2] of material re-

sponsive to Judicial Watch's FOIA request had been located and that interim releases of information would begin in about 45 days. *See* Mot. to Dismiss at 1, Ex. 1; Pl.'s Opp'n at 3–4. The August 17, 2000 letter denied Judicial Watch's request for a fee waiver[3] and requested that Judicial Watch indicate in writing its willingness to pay the initial processing fee of approximately $290.00. *See* Mot. to Dismiss at 1–2, Ex. 1; Pl.'s Opp'n at 4. The August 17, 2000 letter did not advise Judicial Watch of its right to appeal the decision to the head of the agency pursuant to 5 U.S.C. § 552(a)(6)(A)(i). *See* Pl.'s Opp'n at 4.

On October 2, 2000, the defendant sent Judicial Watch 565 pages of material responsive to its FOIA request.[4] *See* Mot. to Dismiss at 2, Ex. 1. Judicial Watch claims that it never received these documents. *See* Compl. at 2; Pl.'s Opp'n at 4. Judicial Watch did not pay the $46.50 duplication fee requested in the August 17, 2000 letter, nor did it provide a written willingness to pay for the remaining pages. *See* Mot. to Dismiss at 2.

On February 1, 2001, Judicial Watch filed its complaint in this court. The defendant filed a motion to dismiss on March 19, 2001 pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). On April 2, 2001, Judicial Watch filed an opposition to the defendant's motion to dismiss, in which it agreed to pay the $290.00 duplication fee if the defendant produced the rest of the documents without delay. *See* Pl.'s Opp'n at 5.

---

2. The page count was later changed to 1,957 pages. *See* Mot. to Dismiss at 1.

3. Under 5 U.S.C. § 552(a)(4)(A)(iii), a fee waiver may be granted "if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the

commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii).

4. This letter also advised Judicial Watch that $46.50 was due for the first release of documents and it provided instructions on how Judicial Watch could administratively appeal any denial contained in the letter. *See* Mot. to Dismiss Ex. 1.

For the reasons that follow, the court agrees with the defendant that this court lacks subject-matter jurisdiction because the plaintiff has failed to exhaust its administrative remedies. Accordingly, the court will grant the defendant's motion to dismiss.

### III. ANALYSIS

#### A. Legal Standard for a Motion to Dismiss

█ On a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has jurisdiction. *See District of Columbia Retirement Bd. v. United States*, 657 F.Supp. 428, 431 (D.D.C.1987). In evaluating whether subject-matter jurisdiction exists, the court must accept all the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overturned on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). The court need not, however, accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations. *See, e.g., Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir.1990).

█ Moreover, the court need not limit itself to the allegations of the complaint. *See Hohri v. United States*, 782 F.2d 227, 241 (D.C.Cir.1986), *vacated on other grounds by* 482 U.S. 64, 107 S.Ct. 2246, 96 L.Ed.2d 51 (1987). Rather, the court may consider such materials outside the pleadings as it deems appropriate to determine whether it has jurisdiction in the case. *See Herbert v. National Acad. of Sciences*, 974 F.2d 192, 197 (D.C.Cir.1992).

For a complaint to survive a Rule 12(b)(6) motion to dismiss, it need only provide a short and plain statement of the claim and the grounds on which it rests. *See* FED.R.CIV.P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A motion to dismiss under Rule 12(b)(6) tests not whether the plaintiff will prevail on the merits, but instead whether the plaintiff has properly stated a claim. *See* FED.R.CIV.P. 12(b)(6); *Scheuer*, 416 U.S. at 236, 94 S.Ct. 1683. The plaintiff need not plead the elements of a prima-facie case in the complaint. *See Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1114 (D.C.Cir.2000); *see also Swierkiewicz v. Sorema N.A.*, —— U.S. ——, 122 S.Ct. 992, —— L.Ed.2d —— (2002) (holding that a plaintiff in an employment-discrimination case need not establish her prima-facie case in the complaint). Thus, the court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Atchinson v. District of Columbia*, 73 F.3d 418, 422 (D.C.Cir.1996). In deciding such a motion, the court must accept all the complaint's well-pled factual allegations as true and draw all reasonable inferences in the nonmovant's favor. *See Scheuer*, 416 U.S. at 236, 94 S.Ct. 1683.

#### B. The Plaintiff Has Failed to Exhaust its Administrative Remedies

FOIA requires a plaintiff to exhaust its administrative remedies before seeking judicial review of a FOIA request. *See* 5 U.S.C. § 552(a)(6)(A)(i)–(ii). The agency receiving a plaintiff's FOIA request must determine within 20 days whether it will comply with the request and "notify the person making such request ... of the right of such person to appeal to the head of the agency any adverse determination." 5 U.S.C. § 552(a)(6)(A)(i). To exhaust its administrative remedies, the party making the FOIA request must first appeal to the

head of the agency.[5] *See Thomas v. Office of U.S. Attorney for the Eastern Dist. of New York,* 171 F.R.D. 53 (E.D.N.Y.1997). A plaintiff's failure to exhaust administrative remedies precludes a federal court from exercising subject-matter jurisdiction over the party's FOIA claims. *See id.* "The exhaustion requirement ... allows the top managers of an agency to correct mistakes made at lower levels and thereby obviates unnecessary judicial review." *Oglesby v. United States Dep't of the Army,* 920 F.2d 57, 61 (D.C.Cir.1990).

The plaintiff argues that it has exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C), which states that exhaustion occurs if the agency fails to respond to a party's FOIA request within the 20–day response period set forth in 5 U.S.C. § 552(a)(6)(A)(i).[6] *See* Compl. at 2. According to the plaintiff, the defendant's July 21, 2000 letter did not constitute a proper response under 5 U.S.C. § 552(a)(6)(A)(i) because it was only an acknowledgment of receipt and did not advise the plaintiff of its right to appeal. *See* Pl.'s Opp'n at 3.

■ The court deems the plaintiff's constructive exhaustion argument irrelevant, however, for two reasons. First, the plaintiff never paid the fees imposed by the defendant. The D.C. Circuit has held that failure to pay FOIA fees constitutes a failure to exhaust administrative remedies. *See Oglesby,* 920 F.2d at 66 (stating that "[e]xhaustion does not occur until the required fees are paid or an appeal is taken from the refusal to waive fees"); *see also Crooker v. United States Secret Serv.,* 577 F.Supp. 1218, 1220 (D.D.C.1983) (granting the defendant's motion to dismiss because the plaintiff failed to respond to or appeal the defendant's request for payment).

■ Second, the plaintiff filed suit after the defendant had already responded to its request. Once an agency has responded to the request, regardless of whether the response is timely under 5 U.S.C. § 552(a)(6)(C), the requestor can seek judicial review only after appealing to the agency first. *See Oglesby,* 920 F.2d at 61; *McCall v. U.S. Marshals Service,* 36 F.Supp.2d 3, 5 (D.D.C.1999) (holding that a "FOIA plaintiff's option to proceed to court without pursuing an ... administrative appeal terminates when the agency responds before the plaintiff goes to court"). Thus, the court does not need to consider whether the defendant's July 21, 2000 letter was an adequate response under 5 U.S.C. § 552(a)(6)(A)(i) because the defendant sent additional letters dated August 17, 2000 and October 2, 2000 before the plaintiff filed suit. *See Oglesby,* 920 F.2d at 69; Mot. to Dismiss Ex. 1.

The court concludes that the plaintiff has failed to exhaust its administrative remedies. Accordingly, the court lacks subject-matter jurisdiction under Rule 12(b)(1) and the court need not address the defendant's argument pursuant to 12(b)(6).[7]

### IV. CONCLUSION

For all these reasons, the court grants the defendant's motion to dismiss. An order directing the parties in a manner consistent with this Memorandum Opinion

---

5. In this case, the plaintiff must administratively appeal any denial of its request to the Office of Information and Privacy at DOJ. *See* Mot. to Dismiss at 4.

6. This is often referred to as "constructive" exhaustion. *See, e.g., Oglesby,* 920 F.2d at 62.

7. Because the court lacks subject-matter jurisdiction, the court also declines to take any position on the plaintiff's newly stated willingness to pay the defendant's processing fee.

34

is separately and contemporaneously issued this 21 day of March, 2002.

## ORDER

### Granting the Defendant's Motion to Dismiss

For the reasons stated in this court's Memorandum Opinion separately and contemporaneously issued this _____ day of March, 2002, it is

**ORDERED** that the defendants' motion to dismiss is **GRANTED.**

**SO ORDERED.**